UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> TIMIPAH IKEMI, <br><br> Defendant. | Civil Action No. _____ |

**ORIGINAL COMPLAINT**

Plaintiff JPMorgan Chase Bank, N.A. ("***Chase***"), by and through its undersigned counsel, hereby files its *Original Complaint* (the "***Complaint***") against Defendant Timipah Ikemi ("***Defendant***") and respectfully states as follows:

### I.   INTRODUCTION

Fraud is a crime that impacts everyone and undermines trust in the banking system. Chase takes its responsibility to combat fraud seriously and prioritizes protecting the firm and its customers to make the banking system safer. Part of that responsibility is to hold people accountable when they commit fraud against Chase and its customers. Simply put, engaging in bank fraud is a crime.

Chase seeks the return of funds that Defendant has overdrawn from his account in violation of Chase's Deposit Account Agreement and Privacy Notice (the "***DAA***"). Specifically, on August 29, 2024, a masked man deposited a check in Defendant's Chase bank account in the amount of $335,000.00 at an ATM. After the check was deposited, Defendant began withdrawing the vast majority of the ill-gotten funds in short succession. The check was eventually returned as counterfeit, resulting in a substantial negative balance. As of the date of filing, Defendant owes Chase $290,939.47. Chase

demanded that Defendant pay the amount of any overdraft along with any fees that apply, but Defendant has failed to do so.

Chase prides itself on its efforts to protect its customers against fraudsters, particularly in an environment where bank and wire fraud are increasingly more commonplace. While fraud methods have evolved over time, the core intent to exploit and deceive remains unchanged. Chase brings this action to recover those ill-gotten funds and hold Defendant accountable for its breach of the DAA.

## II.  PARTIES

1. Chase is a national banking association organized under the laws of the United States.  Chase is a citizen of Ohio with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240, as designated in the Articles of Association of Chase.

2. Defendant is an individual residing in the State of Texas. Defendant may be served with process at his residence, 6322 Ludington Drive, Houston, Texas 77035, or wherever he may be found.

## III.  JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).  The parties are citizens of different States, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because he resides in and is a citizen of the State of Texas.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.  Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred.

### IV.  STATEMENT OF FACTS

6.  Defendant opened a checking account with Chase (the "*Account*"). When opening his Account, Defendant agreed to abide by all terms and conditions in the DAA,[1] which governs Defendant's relationship with Chase. Among other things, Defendant agreed to be responsible for any amounts owed on the Account and to "immediately pay the amount of any overdraft along with any fees that apply," including interest, as well as fees incurred for Chase's efforts to collect any overdraft. Defendant also agreed "not to use [his] account for any other illegal activity."

7.  On August 29, 2024, at a walk-up ATM at 9:42 p.m. at night, a masked man deposited a check (the "*Check*") into Defendant's Account in the amount of $335,000.00 (the "*Funds*").

8.  After the deposit, on August 30, 2024 at 11:10 a.m., Defendant withdrew $10,000.00 in-person at a Houston-area Chase branch. Approximately one hour later, Defendant wired $100,000.00 from a different Chase branch. Then, two hours after *that*, Defendant purchased a cashier's check for $150,000.00. Defendant continued his scheme the next day and withdrew $40,000.00 and $20,000.00 just two minutes apart. In sum, Defendant has withdrawn or transferred at least $320,000.00 of the original $335,000.00 counterfeit deposit.

9.  On September 4, 2024, the Check was rejected by the alleged issuing bank and returned as counterfeit.

10. The Check's return resulted in a substantial negative balance. As of the date of filing, Defendant owes Chase $290,939.47.

---

[1] A true and correct copy of the DAA in effect during the relevant events is attached hereto as **Exhibit A**.

11. Chase's Global Security representatives attempted to contact Defendant regarding the counterfeit Check and his overdraft, but he failed to respond. Chase also sent a letter demanding return of the Funds. Defendant has not responded to any of Chase's correspondence, has not communicated with Chase in any other manner, and has not returned the Funds.

12. In this action, Chase seeks a judgment ordering the immediate payment of the overdraft Funds and related fees, as well as other relief for the harm Chase sustained.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Breach of Contract)

13. Chase re-alleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

14. Chase and Defendant entered into the DAA, which is a valid and enforceable contract.

15. Chase performed its obligations under the DAA.

16. Defendant materially breached the terms of the DAA by failing to pay the amount of the overdraft and associated fees on the Account.

17. Defendant's breaches of the DAA proximately and directly caused damages to Chase.

18. All conditions precedent to Chase's recovery on the claims asserted herein were performed or have occurred.

## PRAYER FOR RELIEF

WHEREFORE, Chase respectfully requests that this Court:

A. Issue an order directing Defendant to immediately return the Funds to Chase, with interest, and to pay the related overdraft fees;

B. Award Chase its reasonable costs and expenses incurred in this action, including attorneys' fees;

C. Award Chase pre-judgment interest on all such damages, monetary or otherwise; and

D. Grant Chase such other and further relief as the Court may deem just and proper.

Dated: October 28, 2024

Respectfully submitted,

/s/ *Christina M. Carroll*
Christina M. Carroll
Texas Bar No. 24092868
Federal ID No. 3133759
christina.carroll@gtlaw.com
Morgan E. Jones
Texas Bar No. 24132301
Federal ID No. 3835995
morgan.jones@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Tel: (214) 665-3600

*Attorneys for Plaintiff JPMorgan Chase Bank, N.A.*